

EXHIBIT 2

| STATE OF MAINE<br>PENOBSCOT, | ) | SUPERIOR COURT<br>BANGOR |
|---|---|---|
| | ) | DOCKET NO. CV-17- |
| JOSEPH MCMULLIN, | ) | |
| Plaintiff, | ) | COMPLAINT |
| v. | ) | |
| ANDREW W. PEIRSON, in<br>his individual capacity, | ) | |
| Defendant | ) | |

1. Joseph McMullin brings this action seeking relief for violations of his civil rights for excessive use of force in violation of the Fourth Amendment of the United States Constitution by Maine State Police Trooper Andrew W. Peirson; as a result of the deprivation of his constitutional rights Mr. McMullin suffered physical injuries, emotional distress, fear, and psychological injuries.

### PARTIES

2. At all times relevant to this Complaint, Joseph McMullin was over the age of 18 and a resident of Howland, Penobscot County, Maine.

3. At all times relevant to these claims, Andrew W. Peirson was a law enforcement officer for the Maine State Police, acting under the color of state and local law as a law enforcement officer, and is sued in his individual capacity.

## STATEMENT OF FACTS

4. On or about February 21, 2016 at approximately 8:00 p.m., Trooper Andrew W. Peirson arrested and used physical force against Joseph McMullin.

5. On the above date and time, Trooper Peirson was on duty as a law enforcement officer for the Maine State Police operating a Maine State Police Cruiser.

6. On the above date and time, Trooper Peirson stopped a vehicle driven by Mr. McMullin in Howland, Maine.

7. Mr. McMullin's 15 year old daughter, and daughter's friend, were in the vehicle when Trooper Peirson made the stop.

8. Mr. McMullin told Trooper Peirson he was out looking for his son.

9. Trooper Peirson performed field sobriety tests on Mr. McMullin.

10. Trooper Peirson placed Mr. McMullin under arrest for Operating Under the Influence.

11. Mr. McMullin was concerned about his daughter and daughter's friend left in the vehicle.

2

12. Mr. McMullin asked Trooper Peirson if he could make a phone call to make arranges for transportation for his daughter and her friend.

13. Trooper Peirson did not allow Mr. McMullin to make a phone call to arrange for transportation for his daughter and her friend.

14. Trooper Peirson told Mr. McMullin to place his hands behind his back so he could handcuff him and take him to jail.

15. Mr. McMullin told Trooper Peirson he did not want to leave his daughter and her friend in the vehicle on the side of the road and wanted to be sure they were safely picked up.

16. Mr. McMullin backed away from Trooper Peirson as he tried to handcuff him.

17. Trooper Peirson grabbed Mr. McMullin.

18. Trooper Peirson punched Mr. McMullin in the face several times with a closed fist.

19. Trooper Peirson knocked Mr. McMullin unconscious by punching him in the face.

20. Mr. McMullin was not physically resisting Trooper Peirson when the Trooper grabbed him and punched him.

21. Mr. McMullin fell unconscious to the ground.

22. Trooper Peirson hit Mr. McMullin with a closed fist three or more times while he was on the ground.

23. Mr. McMullin was not physically resisting Trooper Peirson when the Trooper punched him while on the ground.

24. As a result of being hit in the face by Trooper Peirson, Mr. McMullin suffered physical injuries, including, but not limited to, a left orbital fracture of his eye-socket and concussion.

25. As a result of being hit by Trooper Peirson, Mr. McMullin required emergency medical treatment, including being transported to Boston for emergency medical treatment on his left eye-socket.

26. As a result of being hit by Trooper Peirson, Mr. McMullin suffered pain, emotional distress, fear, and psychological injuries.

## CLAIMS FOR RELIEF

### COUNT 1: VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION FOR EXCESS FORCE

27. The Plaintiff incorporates all previously alleged paragraphs as if alleged herein.

28. Trooper Peirson's actions deprived Mr. McMullin of his rights under the Fourth Amendment of the United States Constitution to be free from excessive, unreasonable, or unnecessary force.

29. Trooper Peirson's actions in using force against Mr. McMullin caused him physical injuries, emotional distress, and fear.

## REQUESTS FOR RELIEF

30. As a result of the above claims for relief, the Plaintiff requests the following relief: Compensatory damages; Punitive damages; Attorney fees and cost pursuant to 42 U.S.C. § 1988, and all other monetary and equitable relief the Court finds appropriate.

Dated: 5/26/17

The Plaintiff,
Joseph McMullin

Hunter J. Tzovarras
Bar No. 004429
Attorney for Plaintiff
111 Columbia Street
P.O. Box 2806
Bangor, Maine 04401
(207) 558-2450
mainedefender@gmail.com

5